**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Ann M. Whitehead, ) | No. CV-07-1209-PHX-DGC |
| Plaintiff, ) | **ORDER** |
| vs. ) |  |
| Michael J. Astrue, Commissioner of Social Security Administration, ) |  |
| Defendant. ) |  |

Plaintiff has filed a motion for summary judgment and Defendant has filed a cross-motion. Dkt. ##14, 17. Responses have been filed and Plaintiff has filed a reply in support of her motion. Dkt. #18, 21. Defendant has not filed a reply and the time for doing so has expired. The Court will grant Plaintiff's motion and deny Defendant's cross-motion.

**I.     Background.**

Plaintiff applied for supplement security income in September 2003, claiming disability as of October 1, 1996. Dkt. #8, Tr. 62-64. The application was denied initially and on reconsideration. Tr. 33-34. A hearing was held before an Administrative Law Judge ("ALJ") on January 4, 2006. Tr. 766-94. The ALJ issued a decision on May 25, 2006, finding that Plaintiff was not disabled within the meaning of the Social Security Act. Tr. 23-31. This decision became Defendant's final decision when the Appeals Council

denied review. Tr. 9-11. Plaintiff then commenced this action for judicial review. Dkt. #1.

**II.     Standard of Review.**

Defendant's decision to deny benefits will be vacated "only if it is not supported by substantial evidence or is based on legal error." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006). In determining whether the decision is supported by substantial evidence, the Court must consider the record as a whole, weighing both the evidence that supports the decision and the evidence that detracts from it. *Reddick v. Charter*, 157 F.3d 715, 720 (9th Cir. 1998). The Court cannot affirm the decision "simply by isolating a specific quantum of supporting evidence." *Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir. 1975); *see Robbins*, 466 F.3d at 882.

**III.    Analysis.**

Whether a claimant is disabled is determined using a five-step sequential evaluation process. The claimant bears the burden in steps one through four. To establish disability the claimant must show (1) she is not currently working, (2) she has a severe physical or mental impairment, and (3) the impairment meets or equals a listed impairment or (4) her residual functional capacity ("RFC") precludes her from performing her past work. At step five, the Commissioner bears the burden of showing that the claimant has the RFC to perform other work that exists in substantial numbers in the national economy. 20 C.F.R. § 416.920(a)(4)(i)-(iv); *see* 20 C.F.R. pt. 404, subpt. P, app. 1 (Listing of Impairments). "The Commissioner can meet this burden through the testimony of a vocational expert or by reference to the Medical Vocational Guidelines[.]" *Thomas v. Barnhart*, 278 F.3d 947, 955 (9th Cir. 2002) (citing *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999)).[1]

In this case, the ALJ found that Plaintiff had not worked since the alleged onset date of disability and that she had the following severe impairments: chronic pain syndrome in the spine, left hip and abdomen; gastroesophageal reflux disease; colon polyps; depression;

---

[1] RFC is the most a claimant can do in light of the limitations caused by her impairments. 20 C.F.R. § 416.927(a); SSR 96-8p, 1996 WL 374184 (July 2, 1996); *see Rodriguez v. Bowen*, 876 F.2d 759, 762 (9th Cir. 1989).

1 and somatoform disorder. Tr. 30 ¶¶ 1-2. The ALJ determined that Plaintiff's impairments did not meet or equal a listed impairment. *Id.* ¶ 3. The ALJ further determined that Plaintiff was not able to perform her past work, but had the RFC to perform unskilled light jobs that existed in significant numbers in Arizona and the national economy. *Id.* ¶¶ 5-6, 9.

This appeal concerns Plaintiff's mental impairments. Plaintiff argues that the ALJ erred by failing to consider the cumulative effect of her mental limitations as found by examining psychologist Dr. James Huddleston and by failing to provide a function-by-function assessment of her mental RFC. Dkt. #16 at 3-8. Plaintiff further argues that the ALJ erred by not ruling on her motion for a psychiatric examination, by improperly discounting the severity of her mental impairments, and in finding that she had the RFC for unskilled light work with a "sit/stand" option. *Id.* at 9-12. Defendant argues that the ALJ did not err and that his decision is supported by substantial evidence. Dkt. #20.

As explained more fully below, the Court concludes that Defendant's decision to deny benefits must be reversed because the ALJ failed to consider the functional limitations caused by Plaintiff's mental impairments in finding that Plaintiff had the RFC to perform unskilled light work. The Court further concludes that a remand for an award of benefits is appropriate. The Court accordingly need not address Plaintiff's other challenges to Defendant's decision.

**A.   The ALJ's RFC Determination.**

The law is clear. In determining whether a claimant has the RFC to perform her past work or other work in the national economy, the ALJ must consider the combined effects of *all* of the claimant's impairments. 20 C.F.R. § 416.945(a)(2), (e); *see Celaya v. Halter*, 332 F.3d 1177, 1182 (9th Cir. 2003) ("'In assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not severe'") (quoting SSR 96-8, 1996 WL 374184 (July 2, 1996)); *see also* 42 U.S.C. § 423(d)(2)(B) (the combined impact of all impairments "shall be considered throughout the disability determination process"); 20 C.F.R. § 416.920(c) (Commissioner shall consider "combination of impairments" in making disability determination).

In this case, the ALJ did not consider Plaintiff's mental impairments in concluding that she had the RFC to perform unskilled light work. *See* Tr. 26-30. This constitutes legal error. *See Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) ("The Commissioner erred as a matter of law in isolating the effects of [the claimant's] physical impairment from the effects of his mental impairment."); *Andrews v. Shalala*, 53 F.3d 1035, 1043-44 (9th Cir. 1995) (ALJ erred by posing hypothetical to vocational expert that did not include "all the limitations and restrictions of the claimant"); *Hammock v. Bowen*, 879 F.2d 498, 500 (9th Cir. 1989) (error not to "consider the combined effect of all of [the claimant's] impairments on her ability to return to work").

Defendant contends that the ALJ properly considered all of Plaintiff's functional limitations in making the RFC determination. Dkt. #20 at 2. Defendant asserts that the ALJ adopted the state agency doctor's opinion that Plaintiff's mental impairments caused only moderate functional limitations. *Id.* at 3-4. This is not correct. As Plaintiff correctly notes in her response, the ALJ adopted the state agency doctor's opinion only at step three of the evaluation process – that is, in finding that Plaintiff's impairments did not meet or equal a listed impairment. Tr. 26; *see* Dkt. #21 at 3. The ALJ did not consider the limiting effects of Plaintiff's mental impairments when he made the RFC determination. *See* Tr. 26-30. Nor did he consider Plaintiff's mental impairments when he decided that Plaintiff could perform unskilled light jobs that existed in significant numbers in Arizona and the national economy. *Id.* at 30.[2]

**B.    The Decision to Remand for Further Proceedings or an Award of Benefits.**

Having decided to vacate Defendant's decision, the Court has the discretion to remand the case for further development of the record or for an award benefits. *See Reddick*, 157 F.3d at 728. This Circuit has held that a remand for an award of benefits is appropriate in

---

[2]The Court's review of the ALJ's decision would have been aided by the use of headings relating to each step of the evaluation process and the specific factual and legal findings. While in this case the Court was able to discern the various findings made by the ALJ, the Court encourages the use of headings in future administrative decisions.

- 4 -

1 cases where there are no outstanding issues that must be resolved before a proper
2 determination can be made and where it is clear from the record that the ALJ would be
3 required to award benefits. *See, e.g.*, *Varney v. Secretary of HHS*, 859 F.2d 1396 (9th Cir.
4 1988); *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996).

5 In this case, Dr. Huddleston examined Plaintiff and opined that she was seriously
6 limited in her ability to deal with work stresses, behave in an emotionally stable manner,
7 demonstrate reliability, and understand, remember and carry out detailed job instructions.
8 Tr. 305-06.  The ALJ specifically found these opinions to be persuasive.  Tr. 26.  When
9 vocational expert Nathan Dean was asked whether these precise mental limitations would
10 preclude Plaintiff from all work on a sustained basis, he said yes. Tr. 791-92. The ALJ also
11 accepted Mr. Dean's opinions.  Tr. at 30.  Because the opinions of experts accepted by the
12 ALJ make clear that Plaintiff is precluded from working on a sustained basis, "a remand for
13 further proceedings would serve no useful purpose." *Reddick*, 157 F.3d at 730; *see Orn v.*
14 *Astrue*, 495 F.3d 625, 640 (9th Cir. 2007) (remanding for an award of benefits where it was
15 "'clear from the record that the ALJ would be required to determine the claimant disabled'")
16 (citation omitted); *see also D'Angelo v. Astrue*, No. CV-06-3055-PHX-EHC, 2007 WL
17 4617186, at *9 (D. Ariz. Dec. 27, 2007) (remanding for an award of benefits where the
18 vocational expert testified that the claimant's limitations would preclude all work and further
19 delays in the administrative process would be unduly burdensome on the claimant).

20 Defendant's reliance on *Hoopai v. Astrue*, 499 F.3d 1071 (9th Cir. 2007), is
21 misplaced. *Hoopai* held that a step-two determination that an impairment is severe does not
22 necessarily require that the ALJ seek the assistance of a vocational expert at step five. *Id*.
23 at 1076.  But the ALJ in this case specifically chose to use the assistance of a vocational
24 expert.  Tr. 30, 786-92.  The expert's testimony – which the ALJ accepted as true –
25 demonstrates that Plaintiff is disabled. *See id.*

26 **IT IS ORDERED:**

27 1. Plaintiff's motion for summary judgment (Dkt. #14) is granted.

28 2. Defendant's cross-motion for summary judgment (Dkt. #17) is denied.

1    3.    Defendant's administrative decision denying benefits is reversed.

2    4.    The case is remanded to Defendant for an award of benefits.

3    5.    The Clerk is directed to terminate this action.

4    DATED this 29th day of January, 2008.

_____
David G. Campbell
United States District Judge